**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR TWO E-MAIL ACCOUNTS SERVICED BY OATH INC. | ML No. 20-221 |

*Reference:    DOJ Ref. # CRM-182-71791; Subject Accounts: buero2424@aol.de and mobilemailappz@aol.com*

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Treaty Between the United States of America and the Swiss Confederation on Mutual Assistance in Criminal Matters, Switz.-U.S., May 25, 1973, 27 U.S.T. 2019 (hereinafter, the "Treaty"), to execute a request from the Swiss Confederation ("Switzerland"). The proposed Order would require Oath, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Dulles, Virginia, to disclose certain records and other information pertaining to the PROVIDER accounts associated with buero2424@aol.de and mobilemailappz@aol.com, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1.    PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Treaty art. 9(3) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Switzerland's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

delegated the undersigned to file this application.  The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Switzerland in connection with a criminal investigation and/or prosecution.

4.	A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5.	Authorities in Switzerland are investigating an unknown individual for fraud offenses, which occurred in July and August 2018, in violation of the criminal law of Switzerland, specifically, Article 146 of the Swiss Criminal Code.  A copy of the applicable law is appended to this application.  The United States, through the Office of International Affairs, received a request from Switzerland to provide the requested records to assist in the criminal investigation.   Under the Treaty, the United States is obligated to render assistance in response to the request.

6.	According to authorities in Switzerland, on July 25, 2018, the head of the finance department (the "finance director") of a Swiss hospital (the "hospital") received an e-mail from an unknown individual (the "suspect") using the e-mail address **buero2424@aol.de**. In the e-mail, the suspect purported to be a certain physician that worked at the hospital (the "physician"), asked about the balance of the hospital's bank account, and inquired if a transfer in

the amount of EUR 45,000 (then approximately USD 52,650) was possible that same day. The finance director replied confirming the availability of the funds. The same day the suspect replied requesting that the transfer be made to a bank account in the United Kingdom. The hospital made the requested transfer on July 26, 2018.

7. On July 27, 2018, a case officer (the "case officer") in the hospital's financial accounting department received an e-mail from the suspect who again purported to be the same physician, inquired about the balance of the hospital's bank account, and asked if a transfer in the amount of EUR 42,700 (then approximately USD 49,959) was possible that same day. The case officer responded indicating that the transfer was feasible, but that the payment could not be released for a few days because the transfer had to be approved by another person. On July 30, 2018, the finance director received another message from the suspect, this time using the e-mail address **mobilemailappz@aol.com**, still purporting to be the same physician and requesting the transfer of the EUR 42,700 (then approximately USD 49,959) to another bank account in the United Kingdom. The finance director approved the transfer and the hospital made the requested payment on July 31, 2018.

8. On August 1, 2018, the suspect sent another e-mail using **mobilemailappz@aol.com**, again purporting to be the same physician and inquiring if a transfer of EUR 32,700 (then approximately USD 38,259) was possible the same day. By that time, the hospital determined it had been the victim of a fraud and made no further payments.

9. The e-mail accounts **buero2424@aol.de** and **mobilemailappz@aol.com** are hosted by PROVIDER. As a result, Swiss authorities seek records from PROVIDER in an effort to locate and identify the suspect(s) and determine the nature and scope of the suspect(s)'s criminal activities.

## **REQUEST FOR ORDER**

10. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Switzerland identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Martyna Pospieszalska
Trial Attorney
NY Bar Number 5018528
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C.  20530
(202) 598-8012 telephone
(202) 514-0080 facsimile
Martyna.Pospieszalska@usdoj.gov

## **Relevant Provision of the Swiss Criminal Code**

**Art. 146 Offences against property / Fraud**

(1) Any person who with a view to securing an unlawful gain for himself or another willfully induces an erroneous belief in another person by false pretenses or concealment of the truth, or willfully reinforces an erroneous belief, and thus causes that person to act to the prejudice of his or another's financial interests, is liable to a custodial sentence not exceeding five years or to a monetary penalty.

(2) If the offender acts for commercial gain, he is liable to a custodial sentence not exceeding ten years or to a monetary penalty of not less than 90 daily penalty units.

(3) Fraud to the detriment of a relative or family member is prosecuted only on complaint.